UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANNY WALKER and
JAMES ALEXANDER,

        Plaintiffs,

    v.

DREYER'S GRAND ICE CREAM, INC.;
NESTLE U.S.A., INC.; DREYER'S GRAND
ICE CREAM HOLDINGS, INC.; and DOES
ONE through TWENTY, inclusive,

        Defendants.
_____/

No. C 06-4354 PJH

**ORDER GRANTING
MOTION TO DISMISS**

        Defendants' motion to dismiss plaintiffs' complaint came on for hearing before this court on September 13, 2006. Plaintiffs, Danny Walker and James Alexander ("plaintiffs"), made no appearance, as their counsel, Marylon M. Boyd, failed to appear at the hearing. Defendants Dreyer's Grand Ice Cream, Inc., Nestle U.S.A., Inc., and Dreyer's Grand Ice Cream Holdings, Inc. ("defendants") appeared through their counsel, Gregory D. Wolflick. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, the court hereby GRANTS defendants' motion, for the reasons stated at the hearing and summarized as follows.

        Preliminarily, the court notes that, subsequent to the hearing on defendants' motion, Ms. Boyd filed correspondence with the court in which she states that her absence was due to an error in calendaring the matter, as her office and the briefing papers had the matter calendared for 10:30 a.m. However, the court notes that, while defendants' briefs do in fact list the incorrect time of 10:30 a.m. for the hearing, defendants filed a notice of errata re-noticing the motion to dismiss with the correct time of 9:00 a.m., on August 4, 2006, well

prior to the filing of plaintiffs' opposition. Ms. Boyd was served with the re-noticed motion, and provides no explanation for why her absence should be excused in light of this. Similarly, Ms. Boyd has failed to provide any explanation or excuse in connection with her tardy filing of plaintiffs' opposition to the instant motion, which the court notes was filed one day after the deadline of August 23, 2006.

Nonetheless, having considered the arguments raised in plaintiffs' opposition, as well as the arguments made at the hearing, the court hereby rules as follows:

1.    The seventh cause of action in plaintiffs' amended complaint, which alleges a violation of article 1, section 7 of the California constitution, is legally deficient in that plaintiffs have failed to allege any state action, a requirement prior to pleading an equal protection violation under this provision. Plaintiffs' opposition concedes this point, and further fails to identify any possible grounds upon which the claim might be cured, given defendants' status as private entities. As there can be no legally cognizable cause of action against defendants under the above provision of the state constitution, this claim is hereby DISMISSED without leave to amend.

2.    Plaintiffs' ninth cause of action under section 12948 of California's Fair Employment and Housing Act ("FEHA"), is also DISMISSED. This provision makes it an unlawful practice to deny any individual certain enumerated rights contained in the California Civil Code. See Cal. Gov't Code § 12948. Plaintiffs' amended complaint, which alleges discrimination in the employment context only, fails to allege discrimination as contemplated and required by the applicable rights enumerated in the California Civil Code. See, e.g., Cal. Civil Code §§ 51, 51.5, 51.7, 54, 54.1, 54.2. In view of plaintiffs' apparent concession of this point and corresponding failure to identify any allegations that would cure the deficiency, the dismissal of this cause of action is without leave to amend. However, as plaintiffs request to replace this cause of action with a new cause of action alleging a claim under the Americans with Disabilities Act, and in view of defendants' nonopposition to this proposal, plaintiffs are granted leave to amend their complaint to the

extent they wish to allege a new cause of action under the ADA.

3. Plaintiffs' tenth cause of action, for violation of California Business & Professions Code § 17200 ("UCA"), is also flawed. In order for plaintiffs to successfully plead a cause of action under section 17200, plaintiffs must allege and identify some state, federal, or local law as the predicate for recovery. See, e.g., Leonel v. American Airlines, Inc., 400 F.3d 702, 714-15 (9th Cir. 2005); People ex rel. Bill Lockyer v. Fremont Life Ins. Co., 104 Cal. App. 4th 508 (2002). Plaintiffs have failed to do so. Accordingly, plaintiffs' section 17200 cause of action is DISMISSED. However, the dismissal is with leave to amend, in order to allow plaintiffs to properly state a section 17200 claim that identifies the predicate violation, and further specifies whether plaintiffs are seeking recovery under the unlawful, unfair, or fraudulent prongs of the statute. See Cal. Bus. & Prof. Code § 17200.

Defendants also argue that, in order for a section 17200 cause of action to be stated, plaintiffs must allege a causal connection between the discrimination claims at issue and defendants' anticompetitive conduct. The court is unpersuaded by this argument. Actual injury to competition – and by extension, allegations of anticompetitive conduct – are not required elements of proof of a violation under section 17200. See Herr v. Nestle USA, Inc., 109 Cal. App. 4th at 789-90 (2003). While true that Herr v. Nestle does engage in discussion of the causal relationship between discrimination and unfair competition, the discussion is dicta, and Herr in no way changed the established rule that the UCA is broadly construed to include anything that can properly be called a business practice and that at the same time is forbidden by law, and would include allegations of an employer's pattern and practice of race discrimination. See, e.g., See Stop Youth Addiction, Inc. v. Lucky Stores, Inc., 17 Cal.4th 553, 560 (1998), overruled on other grounds in Californians For Disability Rights v. Mervyn's, LLC, 39 Cal. 4th 223 (2006).

The court similarly rejects defendants' additional argument that plaintiffs allege past conduct only, thereby making their claim for injunctive relief legally unrecoverable. While true that injunctive relief under the statute "should not be exercised 'in the absence of any

3

1  evidence that the acts are likely to be repeated in the future,'" see Feitelberg v. Credit
2  Suisse First Boston, LLC,134, Cal. App. 4th 997 (2005), the court does not find that
3  plaintiffs' complaint fails to allege ongoing conduct or conduct likely to be repeated in
4  future.  Plaintiffs' allegations seek injunctive relief to prevent defendants "from engaging in
5  each of the unlawful practices, policies, customs and usages set forth herein," which
6  alleged practices and policies can fairly be read to implicate the possibility of future
7  repetition.  See Amended Complaint at 13:18-22.  Moreover, the court notes that, as a
8  general matter, plaintiffs are frequently permitted to file claims seeking injunctive relief for
9  future violations on the basis of past injuries, as long as the injuries are capable of
10 repetition, and/or likely to be repeated in future.   If it were otherwise, a plaintiff would be
11 required to file a new lawsuit each and every time that plaintiff suffered injury by the same
12 defendant, an inefficient solution to say the least.  Accordingly, in view of the above, the
13 court finds that at this pleading stage, plaintiffs' allegations are sufficient to state a proper
14 claim for injunctive relief.
15      In sum, the court hereby (1) DISMISSES plaintiffs' seventh cause of action without
16 leave to amend, (2) DISMISSES plaintiffs' ninth cause of action without leave to amend,
17 although plaintiffs are granted leave to amend their complaint to state a new claim under
18 the Americans with Disabilities Act, and (3) DISMISSES plaintiffs' tenth cause of action,
19 with leave to amend, as discussed above.  No other amendments are permitted by this
20 order.
21 **IT IS SO ORDERED.**
22 Dated: September 14, 2006

_____

PHYLLIS J. HAMILTON
United States District Judge